UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00361

**Tyler Candle Company, LLC,**
*Plaintiff,*

v.

**R&W Company, LLC, et al.,**
*Defendants.*

## ORDER AND FINAL JUDGMENT

The parties to this action for trademark infringement move jointly for entry of a stipulated order of permanent injunction and final judgment. Doc. 11. The court ordered the parties to show cause why a permanent injunction is appropriate under *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006). Doc. 12. Having considered the parties' joint report (Doc. 13), the court finds that a permanent injunction in this case is appropriate, with all four *eBay* factors favoring issuance of an injunction.

Therefore, the court, granting the joint motion (Doc. 11), hereby finds, orders, and decrees that:

1. This court has jurisdiction over the subject matter of this action and personal jurisdiction over defendants.

2. Venue is proper in this court.

3. The injunctive relief provisions of this final judgment and permanent injunction shall apply to defendants as well as defendants' agents, owners, servants, employees, and those persons or entities in active concert or participation with defendants.

4. The parties agree that plaintiff has acquired rights to various trademarks that are valid and subsisting, including but not limited to: DIVA® (U.S. Trademark Registration Nos. 2,995,234, 3,720,833, 4,186,151, 5,398,972, and 3,985,866), ENGLISH IVY® (U.S.

Trademark Registration No. 3,665,304), FRENCH MARKET® (U.S. Trademark Registration Nos. 2,995,237, 3,622,914, 3,985,867, and 4,186,006), and MULLED CIDER® (U.S. Trademark Registration No. 5,183,737) as well as a number of other federally registered trademarks (collectively, the "Tyler Candle Trademarks").

5. Defendants, and anyone acting on defendants' behalf or at defendants' direction, are hereby permanently restrained and enjoined from:

    a. advertising, selling, or facilitating the advertisement or sale of any goods or products bearing any of the Tyler Candle Trademarks through any medium (including all Internet and non-Internet channels), including through any storefront that can be accessed on the internet or through any smart phone application;

    b. using the Tyler Candle Trademarks in any manner, including advertising on the Internet;

    c. purchasing or acquiring any products bearing any of the Tyler Candle Trademarks for the purpose of resale; and

    d. importing, exporting, manufacturing, producing, distributing, circulating, shipping, selling, offering to sell, advertising, promoting, or displaying any goods or products bearing any of the Tyler Candle Trademarks.

6. Defendants shall:

    a. Take all reasonable steps sufficient to monitor and ensure that all persons within their control or employment (whether independent contractors, employees, agents, partners, or otherwise) comply with this order, including but not limited to by providing a copy of this order to any

      person within their control or employment and requiring that such persons adhere to its terms;

  b. Take all reasonable steps sufficient to monitor and ensure that all persons authorized to act on their behalf, including all officers and principals, comply with this order; and

  c. Take all reasonable corrective action with respect to any individual whom defendants determine is not in compliance with the terms of this order, which may include training, disciplining, and/or terminating such individual, and notifying plaintiff in writing of the underlying conduct.

7. Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, this order is binding upon the following persons who receive actual notice of it: defendants, defendants' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with defendants.

8. This court shall retain jurisdiction of this matter in law and in equity for the purpose of enforcing and/or adjudicating claims in violation of this final judgment and permanent injunction. Any such matters shall be raised by noticed motion. The court shall also retain jurisdiction to award plaintiff amounts for costs, attorneys' fees and such other relief as may be just and proper arising by reason of any future claim of violation of this stipulated permanent injunction by defendants.

9. Plaintiff's claims against defendants are dismissed with prejudice.

10. Plaintiff and defendants shall bear their own costs, expenses, and attorneys' fees.

- 4 -

*So ordered by the court on February 14, 2025.*

J. CAMPBELL BARKER
United States District Judge